UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MILLS, POTOCZAK & COMPANY,**
through its assigness Donald Koster,
Yvonne Koster, Donald Hulslander,
Judith Hulslander, Richard Vermillion,
Patricia Vermillion, and the Class they
represent

    Plaintiff,

v.                                               Case No: 5:14-cv-689-Oc-37PRL

**LANDMARK AMERICAN
INSURANCE COMPANY**

    Defendant.

## REPORT AND RECOMMENDATION[1]

In this breach of contract case the Defendant appears content to be sued in federal court, but who the Plaintiff is (along with the amount in controversy) dictates this Court's jurisdiction, not Defendant's concessions.

Recently, in consideration of a motion to compel referred to me, I noted confusion in the Complaint about who the Plaintiff is. (*See* Doc. 25). This confusion must be resolved as this Court's subject matter jurisdiction—an issue the court can raise at any time and address sua sponte—depends on it. *United States v. Hays*, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

the most important of the jurisdictional doctrines.'") (quoting *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230–31 (1990) (citations and brackets omitted)).

Federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a statutory grant, (2) federal question jurisdiction under 28 U.S.C. § 1331, or (3) diversity jurisdiction under 28 U.S.C. § 1332. *See Baltin v. Alaron Trading, Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Notably, the court's subject matter jurisdiction over a case is determined by reference to the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). This rule provides that federal jurisdiction is determined by looking to the face of the plaintiff's properly-pleaded complaint. *Id.*

Notably, as I said in my prior order, the confusion appears to result from the fact that Plaintiff seeks to litigate an assigned right:

> The Complaint states on the one hand that "[i]n this action Mills, Potoczak & Company ("MPC") brings a breach of contract claim against **its** insurer, [Defendant] Landmark American Insurance Company ("Landmark")."  (Doc.1) (emphasis added). But on the other hand, the complaint then states that MPC's claim is actually "being brought by **its** assignees," which include several named individuals and a class certified in a state court action. (Doc. 1) (emphasis added).
>
> The Complaint then states that the Court has diversity jurisdiction as "MPC and Landmark are citizens of different states and the amount in controversy exceeds $75,000." (Doc. 1, ¶ 5). In the next paragraph, though, MPC states that it has assigned all of its "right[s], title, and interest to any claims it could pursue against Landmark," which would suggest that it assigned its right to sue, such that it is not the proper party. (Doc. 1, ¶ 8). Adding to the confusion, the complaint states that "[t]he Investors bring this action, in part, under the Coblen[t]z Agreement" (Doc. 1, ¶ 32), and the Prayer for Relief is a request made by the "Investors." (Doc. 1). Defendant appears to believe the Plaintiff is MPC. (Doc. 24).

(Doc. 25).

In response to my order directing the Plaintiff to make clear who the *Plaintiff* actually is Plaintiff stated: "[T]his action is brought by the certified Mills Class of Florida investors." (Doc. 28).  The Defendant, in turn, states that it recognizes that state orders give the state court class representatives (Donald Koster, Yvonne Koster, Donald Hulslander, Judith Hulslander, Richard Vermillion, and Patricia Vermillion) "authority to act on behalf of a state-court certified settlement class and bring the instant suit against Landmark."  (Doc. 30).  And, therefore, Defendant concludes: "The instant action is brought by six named plaintiffs, on behalf of themselves individually and as representatives of a certified class, against a single defendant, where the amount in controversy exceeds $3.5 million."  (Doc. 30).

Assuming this Court could recognize the state certified class, prosecuted by the named Plaintiffs and their counsel, as contemplated by the state settlement agreement and state judgment (see Doc. 1 Ex. A, at ¶¶ 4, 6, Ex. E, at ¶ 2, Ex. F, at ¶ 2, 6; Doc. 28 Ex. C, at ¶5), how can they do so in a way to ensure this Court's jurisdiction?  The cleanest avenue would be the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[2]  The problem with this clean approach is that the jurisdictional threshold of $5 million is not plead.  (Doc. 1).  If this amount can be plead, the case can likely proceed on an amended complaint brought by the named Plaintiffs and the state certified class.  *See Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013).  If it can't be plead, then I see no other jurisdictional basis to proceed in this Court.

At the hearing that I held on this matter, the parties disagree that CAFA is their only

---

[2] Plaintiff does not attempt to proceed under a statutory grant or a federal question.  (Doc. 1).

answer. Instead, the Defendant submits and Plaintiff's counsel agrees, that the individual named Plaintiffs could simply proceed, while independently owing their fiduciary duty to the class—an issue this court should not concern itself with. This approach, though appealing at the hearing, cannot be reconciled with the only case cited by the parties, *Addison Automatics, Inc.*, or the plain language of the assignment, which assigns the right to both the named "Plaintiffs *and* the Class." (Doc. 1 Ex. E, at ¶ 2; Doc. 28 Ex. D, at ¶ 4) (emphasis added).

*Addison Automatics, Inc.* is instructive. Like the state court documents in that case, the state court documents here authorized Plaintiff's counsel to represent the class in further litigation (Doc. 28 Ex. C, at ¶5). *See Addison Automatics, Inc.*, 731 F.3d at 742 (noting that "the terms of the class settlement approved in state court make clear that [the named plaintiff] has standing to pursue relief from [the defendant] only in its capacity as class representative" and thus concluding the named plaintiff only "has standing to pursue this relief on behalf of the class certified by the state court"). And, importantly, the assignment of the right to sue Defendant Landmark is that of "the named plaintiffs *and* the class," that is, the state certified class. So, if the named Plaintiffs sought to go it alone, if you will, then they would lack standing. *See Addison Automatics, Inc.*, 731 F.3d at 742 (noting that despite the plaintiff's artful pleading, "its complaint seeks a ruling on Hartford's duties to Domino on a claim that Domino assigned to 'to the class . . . .'", and thus "the terms of the class settlement approved in state court make clear that Addison has standing to pursue relief from Hartford *only* in its capacity as class representatives.") (emphasis added).

Indeed, in *Addison Automatics, Inc.*, the Seventh Circuit noted that the named plaintiff, "[b]y pursuing the rights assigned to it as class representative in the state court class action," were "necessarily continuing that class action." 731 F.3d at 743. That court recognized that

the assignment under which the plaintiff was attempting to proceed, was an assignment to obtain relief on the class's behalf. *Id.* at 743–44. Similarly, here, the named Plaintiffs from the state action have an assignment and a right to proceed, but are required to do so under the assignment and state judgment on behalf of the state certified class. Further, any argument that this action could proceed without the state class is belied by Plaintiff's counsel's concession (at the hearing) that if a settlement were reached between the parties in this action for an amount different than the amount reached in the *Coblentz* agreement, then the Plaintiff or Plaintiffs would have to go back to the state court, where jurisdiction was retained, to divide up the award among the state class members.

If instead the Plaintiffs were to proceed on behalf of themselves and the state certified class, absent the apparent mechanism for doing so under CAFA,[3] it seems that this Court would need to certify a class under Federal Rule of Civil Procedure 23—which is how a federal class proceeds in this Court. Neither party cites a case to the contrary or, rather, a case suggesting that in a non-CAFA case a federal district court has simply proceeded on a state certified class. If the law allows for such, the parties haven't presented it. After all, Plaintiff bears the burden of proving jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (noting that the plaintiff bears the burden to "allege in his pleading the facts essential to show jurisdiction").

Even if this Court were to certify a class under Fed. R. Civ. P. 23, even an identical class, standing would likely be unresolved: It is the state certified class, along with the named Plaintiffs, that has the right to sue under the state settlement and judgment; not a newly certified

---

[3] Under CAFA, the state certified class could proceed under 28 U.S.C. § 1332(d)(1)(B), which recognizes a class action as any civil action filed under Fed. R. Civ. P. 23 *or* a "similar State statute," and § 1332(d)(1)(C) defines the term "class certificate order" as an order issued by "a court."

- 6 -

Rule 23 class.

At a minimum what is clear is that the present Complaint itself is deficient as Plaintiff acknowledges that Mills Potoczak & Company is not the proper Plaintiff.  (Doc. 28).   The remaining analysis prevents me from simply directing the clerk to substitute one of the alternate proposals as the proper party or parties.   Accordingly, I submit that the complaint is due to be **DISIMISSED** for lack of jurisdiction.   Plaintiff's pending motions to compel (Doc. 21) and to extend the expert report deadline (Doc. 26) are, therefore, both due to be denied without prejudice.

**RECOMMENDED** in Ocala, Florida on September 10, 2015.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties