**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MILLS, POTOCZAK & COMPANY,

      Plaintiff,

v.                                                             Case No. 5:14-cv-689-Oc-37PRL

LANDMARK AMERICAN INSURANCE
COMPANY,

      Defendant.

## ORDER

This cause is before the Court on the following:

1. U.S. Magistrate Judge Philip R. Lammens's Report and Recommendation (Doc. 32), filed September 10, 2015; and

2. Landmark American Insurance Company's Objection to the Magistrate's Report and Recommendation (Doc. 34), filed September 24, 2015.

## OVERVIEW

The instant insurance action involves the enforcement of a *Colbentz* settlement agreement,[1] which was reached and approved in a former state court class action between the class representatives and Mills, Potoczak & Company ("**MPC**"). (*See* Doc. 28-3 ("**State Court Settlement**").) In accordance with the terms of the State Court Settlement, MPC assigned "ALL its rights and ALL title to any and all claims" that it

---

[1] In a *Coblentz* settlement agreement, final judgment is entered against the defendant, who assigns its right to sue its insurance company to the plaintiff. In exchange, the plaintiff agrees to execute the judgment exclusively against the defendant's insurance company. (*See* Doc. 28-3, p. 2); *see also Coblentz v. Am. Sur. Co. of N.Y.*, 416 F.2d 1059 (5th Cir. 1969).

possessed under Policy No. LHR74788 ("**Policy**") against its liability insurer—Defendant Landmark American Insurance Company ("**Landmark**")—to the state class representatives and the state class, as co-assignees. (Doc. 28-4 ("**Assignment**").) In light of the Assignment, MPC no longer holds any rights or title to its claims against Landmark under the Policy, including the breach of contract claim it purports to assert against Landmark in this action (*see* Doc. 1).  As such, there is no dispute that MPC is not the real party in interest here. In short, the wrong plaintiff has been named.

In resolving a discovery motion, Magistrate Judge Philip R. Lammens noted his confusion about the identity of the Plaintiff. (Doc. 25.) Due to the effect of the identity of the Plaintiff on the Court's subject matter jurisdiction, Magistrate Judge Lammens ordered additional briefing (Docs. 25, 29), held a hearing (Doc. 31 ("**Hearing**")), and issued a Report and Recommendation (Doc. 32 ("**R&R**").) Because MPC assigned its claims against Landmark to both the state class representatives and the state class, Magistrate Judge Lammens ultimately concluded that: (1) both the state class representatives and the state class must be named as plaintiffs; and (2) the sole jurisdictional basis for the instant action is the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d). (*See* Doc. 32, pp. 3–5.) Because the $5 million jurisdictional requirement under CAFA has not been met, Magistrate Judge Lammens recommended that the Court dismiss the action for lack of subject matter jurisdiction. (*See* Doc. 32, pp. 3, 6.)  Landmark objected, arguing that: (1) the state class representatives have standing to prosecute the instant action in their individual capacity, while owing fiduciary duties to the state class; and (2) if the state class representatives are substituted as the proper plaintiffs, the action can proceed under traditional diversity jurisdiction principles pursuant to 28 U.S.C. § 1332(a). (Doc. 34

("**Objection**").) As further explained below, the Court agrees with Landmark.

As a preliminary matter, the Court appreciates Magistrate Judge Lammens's efforts to address these weighty issues in accordance with the continuing judicial duty to ensure that the Court has subject matter jurisdiction. While the Court does not agree that this action must be maintained as a class action under CAFA, it agrees that the action cannot go forward until the proper plaintiff is named.

MPC alleges that the Court has diversity jurisdiction (Doc. 1, ¶ 5), which requires complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Because the Court must use the citizenship of the real parties in interest to determine whether complete diversity of citizenship exists, *Navarro Savings Ass'n v. Lee*, 446 U.S. 558, 460–461 (1980), MPC must amend its Complaint to: (1) identify the real party interest as the plaintiff; and (2) allege that party's citizenship accordingly. The Court will then determine whether it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

**I.    Underlying State Court Action**

In 2013, Donald E. Koster, Yvonne M. Koster, Donald E. Hulslander, Judith C. Hulslander, Richard T. Vermillion, and Patricia A. Vermillion ("**State Court Plaintiffs**") filed a three-count class action complaint in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida ("**State Court**"), against Fidelity Assurance Associates, LLC ("**Fidelity**"), MPC, and several individual defendants, including William Potoczak ("**Potoczak**"). (*See* Doc. 28-1 ("**State Court Action**").) The State Court Plaintiffs sought relief on claims for sale of unregistered securities (Count I), breach of fiduciary duty (Count II), and unjust enrichment (Count III), directing many of their allegations solely

toward MPC. (See *id.* ¶¶ 69–91.) Ultimately, the State Court certified two classes—(1) the "Fidelity Class"; and (2) the "**Mills Class**."[2] (Doc. 28-2 ("**State Class Certification**").)

On August 19, 2014, the State Court approved the State Court Settlement between the State Court Plaintiffs, MPC, and Potoczak. (Doc. 28-3.) In a subsequent order titled "Entry of Judgment with Covenant and Assignment of Claims," the State Court: (1) entered judgment against MPC and in favor of the State Court Plaintiffs in the amount of $3,552,695.00; (2) dismissed Potoczak from the action with prejudice; and (3) assigned all claims and causes of actions owned by MPC against Landmark to the State Court Plaintiffs and the Mills Class. (Doc. 28-4) Despite language in the Assignment that appears to designate the State Court Plaintiffs and the Mills Class as co-assignees,[3] the State Court identified the parties to the Assignment as the State Court Plaintiffs, "on behalf of themselves and on behalf of the [Mills] Class[4]" and MPC. (*Id.* at 1.)

Pursuant to the Assignment, MPC and the State Court Plaintiffs filed a third-party complaint against Landmark in the State Court Action. (Doc. 34, p. 4 ("**Third-Party Action**"); *see also Koster v. Fid. Assurance Assocs.*, *LLC*, 5:14-cv-584 ("**Koster Action**"),

---

[2] The State Court defined the Fidelity Class as "[a]ll persons who, within the state of Florida, invested in Fidelity's investment contracts between January 1, 2000, and the date that notice is issued to the class, and who did not receive a return on their investment equal to the total amount of their initial investment, any additional premiums paid, and any other fees or charges paid in connection with Fidelity Investment Contracts." (Doc. 28-2, p. 5.) The Mills Class was defined as "[a]ll members of the Fidelity Class for whom [MPC] served as trustee and/or escrow agent at any time between January 1, 2002 and the date notice is issued to the class." (*Id.*)

[3] Specifically, the State Court ordered and decreed that "ALL rights, title, privileges, claims and causes of actions owned by MPC set forth herein are hereby irrevocably assigned to [the State Court Plaintiffs] and the [Mills Class]." (Doc. 28-4, p. 7.)

[4] MPC represents that the "Class" referred to in the Assignment is the Mills Class. (Doc. 28, pp. 2–3.)

Doc. 2.) Landmark removed the Third-Party Action to federal court on the basis of diversity jurisdiction. (*Koster Action*, Doc. 1.) Ultimately, MPC and the State Court Plaintiffs voluntarily dismissed the Third-Party Action in favor of initiating a new and separate lawsuit. (*See* Docs. 31, 32.)

## II.    Instant Federal Action

On December 19, 2014, MPC initiated a separate breach-of-contract action against Landmark in federal court ("**Instant Federal Action**"), omitting the State Court Plaintiffs as parties. (Doc. 1 ("**Complaint**").) The caption of the Complaint indicates that MPC brings suit "through its assignees," which it identifies as the State Court Plaintiffs "and the Class they represent." (*Id.*)

During discovery, MPC filed a motion to compel. (Doc. 21 ("**Motion**").) In the process of resolving the Motion, Magistrate Judge Lammens entered an Order noting his confusion about the identity of the Plaintiff and directing MPC to specify who the Plaintiff is and, if Plaintiff is the Mills Class, under what authority the state-certified class sought to proceed in federal court. (Doc. 25 ("**August 20 Order**").) In response, MPC claimed that the Mills Class is the plaintiff and that it is proceeding under the authority of the Assignment. (Doc. 28 ("**MPC's Response**").) In an Order dated August 28, 2015, Magistrate Judge Lammens set the matter for hearing, directed the parties to confer, and permitted Landmark to reply to MPC's Response. (Doc. 29.) The parties appeared before Magistrate Judge Lammens on September 9, 2015 (*see* Doc. 31), and jointly argued that: (1) the State Court Plaintiffs are the proper plaintiffs; and (2) the Assignment authorizes the State Court Plaintiffs to prosecute the assigned claims individually, while owing their fiduciary duties to the Mills Class. (*See* Doc. 32, p. 4.) After taking the matter under

advisement (Doc. 31), Magistrate Judge Lammens issued an R&R recommending that the Court dismiss the Complaint for lack of subject matter jurisdiction. (Doc. 32.) Landmark objects. (Doc. 34.) The matter is ripe for the Court's adjudication.

## STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## DISCUSSION

Because MPC alleges that the Court has diversity jurisdiction over the Instant Federal Action pursuant to 28 U.S.C. § 1332(a)(1) (Doc. 1, ¶ 5), the identity of the Plaintiff has important implications for the Court's subject matter jurisdiction. Section 1332 requires complete diversity between the parties; therefore, the Court must identify the parties.

As previously mentioned, it is undisputed that MPC is not the proper plaintiff. (*See* Doc. 32, p. 6; Doc. 28; Doc. 34, p. 9.) However, Magistrate Judge Lammens and the parties disagree on how to resolve this mistake and determine the proper basis for the Court's jurisdiction. (*See* Docs. 28, 30, 32, 34.)

After conducting a *de novo* review of the record and the arguments made in the Objection, the Court has narrowed the issues necessary for resolution to the following—

(1) whether the State Court Plaintiffs may prosecute the Instant Federal Action in their individual capacity; and (2) whether the Court may determine the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a) following amendment of the Complaint. The Court will consider each issue in turn.

**I.    Whether the State Court Plaintiffs May Prosecute the Instant Federal Action in Their Individual Capacity**

Relying on *Addison Automatics, Incorporated v. Hartford Casualty Insurance Company*, 731 F.3d 740 (7th Cir. 2013) ("**Addison**"), Magistrate Judge Lammens determined that the Assignment affords the State Court Plaintiffs limited standing to sue only as class representatives, but it does not afford them standing to sue in their individual capacity. (Doc. 32.) Citing Federal Rule of Civil Procedure Rule 17(a), Landmark contends that "the only proper plaintiffs are the six named [State Court Plaintiffs], in their individual capacities and as representatives of the class." (Doc. 34, p. 9.) Upon consideration, the Court finds that Rule 17(a)(1)(F) and the Assignment authorize the State Court Plaintiffs to prosecute the Instant Federal Action in their individual capacity.

Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Under this Rule, "a party with whom or in whose name a contract has been made for another's benefit" is one of several representatives who may bring suit as a real party in interest "without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(F).

The plain language of the Assignment—which defines the "Plaintiffs" as the State Court Plaintiffs "on behalf of themselves and *on behalf of the Class Certified in this action*"—states that "[all] rights, title, privilege, claims and causes of actions owned by

7

MPC set forth herein are hereby irrevocably assigned to Plaintiffs and the Class." (Doc. 28-4, pp. 1, 7 (emphasis added).) The State Court Plaintiffs are, therefore, a party with whom, or in whose name, the Assignment was made for their own benefit and the benefit of the Mills Class. Pursuant to Rule 17(a), this classification designates the State Court Plaintiffs real parties in interest, allowing them to sue in their own names without joining the Mills Class members. Further, because Rule 17 recognizes the ability of representative parties such as trustees—who also owe fiduciary duties to those they represent—to sue in their own names, *see Navarro*, 446 U.S. 458, the Court is satisfied that the State Court Plaintiffs may similarly proceed individually, while independently owing fiduciary duties to the Mills Class.[5] Indeed, not only does Rule 17(a) authorize the Court to substitute MPC with the State Court Plaintiffs, but it also prevents the Court from dismissing the action until the State Court Plaintiffs—as real parties in interest—have been provided the opportunity "to ratify, join, or be substituted into the action." *See* Fed. R. Civ. P. 17(a)(3).

In reaching a contrary conclusion, Magistrate Lammens relies heavily on the reasoning of the United States Court of Appeals for the Seventh Circuit in *Addison*, where the plaintiff was also a class representative in a state class action that resulted in a *Coblentz*-type settlement. 731 F.3d at 741. Pursuant to the state court defendant's assignment of the right to sue his liability insurer to "the Class (as represented by Plaintiff and its attorneys)," the *Addison* plaintiff attempted to initiate an individual action against the liability insurer. *Id.* at 741–42. Based on the terms of the state court settlement, the

---

[5] Like trust beneficiaries, the Mills Class would have sufficient recourse in an action for breach of fiduciary duty should the State Court Plaintiffs fail to adequately represent their interests. *See Brigham v. Brigham*, 11 So. 3d 374, 386–87 (Fla. 3d DCA 2009).

*Addison* court concluded that the plaintiff only had standing to pursue relief on the assigned claims in its capacity as class representative, *id.* at 742, and that "[b]y pursuing the rights assigned to it as a class representative in the state court class action," the plaintiff was "necessarily continuing that class action," *id.* at 743. Magistrate Judge Lammens contends that same analysis can be applied to the Instant Federal Action. (Doc. 32, pp. 4–5.) The Court respectfully disagrees.

The Court is neither bound nor persuaded by *Addison*, which is distinguishable based on the terms of the Assignment at issue here. In *Addison*, the claims were assigned "to the Class (as represented by Plaintiff and its attorneys)." 731 F.3d at 741. Here, the claims are assigned to "Plaintiffs and the Class," and "Plaintiffs" are defined as the State Court Plaintiffs "on behalf of themselves and on behalf of the Class." (Doc. 28-4, pp. 7, 1.) Therefore, unlike in *Addison*, the Assignment here authorizes the State Court Plaintiffs to proceed in their individual capacity pursuant to Rule 17(a)(1)(F). Further, the Court finds that Instant Federal Action is a separate and independent action for indemnity, not a continuation of the class action initiated in State Court.

**II.  Whether the Court May Determine the Existence of Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a) Following Amendment of the Complaint**

Landmark also objects to Magistrate Judge Lammens' implicit finding that the only basis for subject matter jurisdiction over the assigned claim is under CAFA. (*See* Doc. 32, p. 3–5.) CAFA includes a $5 million amount-in-controversy requirement, 28 U.S.C. § 1332(d), which is not satisfied here (*See* Doc. 1, ¶ 7). Landmark argues that the case may proceed under traditional principles of diversity jurisdiction without resorting to CAFA. (*See* Doc. 34, p. 2.) In accordance with its

conclusion that the State Court Plaintiffs are authorized to proceed as plaintiffs in their individual capacity, the Court agrees with Landmark and will determine whether jurisdiction exists under 28 U.S.C. § 1332(a) following the substitution of the real parties in interest as Plaintiffs.

District courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "[A] corporation [is] deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Thus, a corporation has dual citizenship. *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985).

The parties sufficiently represent that the amount in controversy is $3,522,695 (*see* Doc. 1, ¶ 7) and that Landmark is a citizen of Oklahoma and Georgia (Doc. 13, ¶ 4). The only impediment to a jurisdictional analysis under § 1332(a) is the Complaint's failure to name the real party in interest as plaintiff. *See Navarro*, 446 U.S. at 460–461 ("[C]itizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy").

To resolve this impediment, MPC must amend the Complaint to substitute the real parties in interest and to alter its jurisdictional allegations accordingly. After an amendment is filed which properly names the State Court Plaintiffs as Plaintiffs here, the

Court will then determine whether it has diversity jurisdiction under 28 U.S.C. § 1332(a). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005) (quoting *Little v. Giles*, 118 U.S. 596, 603 (1886) ("If a named party's interest is real, the fact that other interested parties are not joined 'will not affect the jurisdiction of the federal courts.'")).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Lammens's Report and Recommendation (Doc. 32) is **REJECTED**.

2. Landmark American Insurance Company's Objection to the Magistrate's Report and Recommendation (Doc. 34 ("**Objection**")) is **SUSTAINED IN PART AND OVERRULED IN PART**.

   a. The Objection is **SUSTAINED** only to the extent that Landmark contends that: (1) Federal Rule of Civil Procedure 17(a) and the Assignment authorize the State Court Plaintiffs to proceed in their individual capacity as plaintiffs in the instant action; and (2) the Court may conduct a jurisdictional analysis under 28 U.S.C. § 1332(a) following substitution of the plaintiff.

   b. In all other respects, the Objection is **OVERRULED**.

3. On or before Monday, **January 25, 2016**, Plaintiff is **DIRECTED** to file an amended complaint that identifies a real party in interest as the plaintiff and contains appropriate jurisdictional allegations under 28 U.S.C. § 1332(a).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 15, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record