# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**DONALD KOSTER, YVONNE
KOSTER, JUDITH HULSANDER,
RICHARD VERMILLION and
PATRICIA VERMILLION,**
     **Plaintiffs,**

**v.**                                                      **Case No: 5:14-cv-689-Oc-37PRL**

**LANDMARK AMERICAN INSURANCE
COMPANY**
     **Defendant.**

_____

## ORDER

Before the Court is Plaintiffs' renewed motion to compel.  (Doc. 56).  On July 17, 2015,

Plaintiffs filed a motion to compel Defendant's response to Plaintiffs' outstanding discovery

requests.  (Doc. 21).  Two months later, I denied the motion to compel without prejudice pending

the resolution of this Court's jurisdiction.  (Doc. 33).  On January 25, 2016, the Plaintiffs filed

their second amended complaint, resolving the jurisdictional issue.  (Doc. 39).  On March 10,

2016, Plaintiffs filed their renewed motion to compel (Doc. 56).  Then, Defendant timely filed its

memorandum opposing the motion to compel (Doc. 58) and Plaintiffs have filed a reply to

Defendant's memorandum (Doc. 65).  Upon due consideration, Plaintiffs' motion (Doc. 56) is

due to be **denied in large part** and **granted in part** as set forth below.

## I.    BACKGROUND

This 28 U.S.C. § 1332 diversity jurisdiction case is a breach of contract action brought by

Plaintiffs Donald Koster, Yvonne Koster, Donald Hulslander, Judith Hulslander, Richard

Vermillion, and Patricia Vermillion (the "Plaintiffs) against Defendant Landmark American

Insurance Company (the "Defendant").   In early 2010, Defendant issued a Professional Liability Insurance Policy (the "Policy") to Mills, Potoczak & Company ("MPC"), an Ohio accounting firm. The Plaintiffs then brought two state-court actions against, *inter alia*, MPC, alleging claims for the sale of unregistered securities, breach of fiduciary duty, and unjust enrichment (the "Koster and Hulslander actions").

Based on the Policy, MPC asserted that Defendant had a duty to defend and indemnify MPC against the Koster and Hulslander actions.   However, Defendant declined to do so.   MPC subsequently entered a settlement agreement with the Plaintiffs and assigned its purported breach of Policy claim against Defendant to Plaintiffs.   Plaintiffs now seek damages for breach of contract based on that assigned right, and Defendant has answered.

## II.    LEGAL STANDARD

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court.   *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).   Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   Fed. R. Civ. P. 26(b)(1).

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result."   *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, * 2

(M.D. Fla. Oct. 31, 2007) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).  The moving party "'bears the initial burden of proving that the information sought is relevant.'"  *Douglas v. Kohl's Dep't Stores, Inc.*, No. 615CV1185ORL22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)).  "Relevancy is determined based on the 'tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.'  Fed. R. Evid. 401"  *Hankinson v. R.T.G. Furniture Corp.*, No. 15-81139-civ-Cohn/Seltzer, 2016 WL 1182768, at *1 (S.D. Fla. Mar. 28, 2016) (quoting *Garcia v. Padilla*, No. 2:15-cv-735-FtM-29CM, 2016 WL 881143, at *2 (M.D. Fla. Mar. 8, 2016)).

Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case.  In making this determination, the court is guided by the non-exclusive list of factors in Rule 26(b)(1).  *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148-JHH, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016).  "Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses."  *Id.*  (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

When objecting to a discovery request, the "[p]arties are not permitted to assert . . . conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable."  *Martin v. Zale Delaware, Inc.*, No. 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *1 (M.D. Fla. Dec. 15, 2008).  Indeed, an objecting party "must explain its reasoning in a specific and particularized way" and "an objection that a discovery request is irrelevant . . . must include a specific explanation describing why."  *Id.* at *1–2.  Finally, "[o]bjections based on privilege or

work product protection must be made expressly." *Nationwide Mut. Fire Ins. Co. v. Kelt, Inc.*, No. 6:14-CV-749-ORL-41, 2015 WL 1470971, at *4 (M.D. Fla. Mar. 31, 2015) (noting that "[a] party cannot assert a privilege by saying that responsive documents might be privileged").

## III.   DISCUSSION

### A.  Requests For Production

Under Rule 34, a party may serve, on any other party, a document request seeking information within the scope of Rule 26(b).   Fed. R. Civ. P. 34(a).   Any objection to a request must "state with specificity the grounds for objecting to the request, including the reasons" and state "whether any responsive materials are being withheld on the basis of that objection."   Fed. R. Civ. P. 34(b)(2)(B–C).   At issue here are eleven requests for production in which Plaintiffs seek, among other things, Defendant's claims file, underwriting file, and claims handling protocols.

At the most basic level, the parties dispute whether the requested documents are relevant to this breach of contract action.   Defendant argues that the requested documents are irrelevant to whether it breached the Policy, which is the sole issue in this lawsuit.   Defendant further states that the documents sought are *only* relevant to how it handled MPC's claims for defense and indemnification and, thus, these requests are premature until (and if) Plaintiffs allege that Defendant denied coverage in bad faith.

In contrast, Plaintiffs argue that the requested documents are relevant, as the documents will help clarify two Policy exclusions that Defendant relies upon as affirmative defenses— namely, the "prior litigation" and "professional services" exclusions.   (Doc. 65, pp. 4–5). According to Plaintiffs, given the parties differing yet reasonable interpretations of these undefined exclusions, they are ambiguous.   However, a mere dispute over the applicability of policy terms

"does not, in and of itself, make the term[s] ambiguous," *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 703 (S.D. Fla. 2007).

Further, upon review of Plaintiffs' argument, they fail to explain how the requested documents would clarify these purported ambiguities; instead, they simply conclude that the documents will help explain why Defendant denied coverage.  (Doc. 65, pp. 4–5).  Yet, to the extent Plaintiffs argue the documents at issue will elucidate Defendant's interpretation of the "prior litigation" and "professional services" exclusions, this argument is unpersuasive as Defendant has already produced several documents that describe the legal and factual basis for why it believes the exclusions apply.  (Doc. 65, Exs. 2–4).  Absent a further showing that the requested documents are relevant to this lawsuit, the Court sustains, to the extent set forth below, Defendant's relevancy objections.

Plaintiffs' requests for documents regarding how Defendant handled the claims at issue (Production Request No. 1), as well as Defendant's underwriting decisions (Production Request No. 4), are not discoverable at this time.  *See Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.*, No. 2:11-CV-162-FTM-36, 2011 WL 5104476, at *3 (M.D. Fla. Oct. 27, 2011) (finding that a claims file was not relevant to the breach of contract claim at issue); *Milinazzo*, 247 F.R.D. at 702–03 (stating that in order to discovery into an underwriting file, in a breach of contract action, the movant must either allege an underwriting issue or "make a prima fascia showing that material provisions of the policy are ambiguous").

Similarly, in Production Requests Nos. 5, 7, 8, and 10, Plaintiffs seek Defendant's claims handling standards, protocols, and procedures; claims handling incentive or performance program materials; personnel performance files; and marketing materials.  (Doc. 56, pp. 8–10).  Without a further showing of relevancy, documents responsive to these requests would be "irrelevant to the

determination of coverage, (i.e. whether Defendant breached the insurance contract)." *Milinazzo*, 247 F.R.D. at 703 (stating that the "[d]efendant's failure to comply with internal guidelines . . . is irrelevant to the determination of coverage"); *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 268 F.R.D. 692, 694–95 (S.D. Fla. 2010).

Further, in Production Request No. 20, Plaintiffs request that Defendant produce "any and all documents, records, communications, memoranda or otherwise, in any format, pertaining to MPC, maintained separately from Landmark's claims file, not otherwise produced."  (Doc. 21). Yet, Plaintiffs do not show how this obviously broad request seeks information relevant to the claims and defenses at issue here.

Accordingly, Defendant's relevancy objection to Production Requests Nos. 1, 4, 5, 7, 8, 10, and 20 is sustained.   Thus the motion to compel is **DENIED** as to those requests.

The same cannot be said for Production Request No. 2, which seeks "MPC's premium payment record."  (Doc. 56, p. 7).   Defendant objects that whether MPC paid the Policy premiums is not at issue in this case and is thus irrelevant.   (Doc. 58, p. 6).   However, Defendant's Sixteenth Affirmative Defense states that MPC has not performed all of its obligations under the Policy (Doc. 45, p. 11), and it appears that Defendant does not admit that MPC paid the Policy premiums.   Accordingly, this relevancy objection is overruled.   Defendant also objects that this request is not "limited in terms of policy period or the policy itself."  (Doc. 58, p. 6). That objection is sustained.   Thus, Production Request No. 2 is **GRANTED** to the extent that Plaintiffs seek premium payment records as to the Policy.

In Production Request No. 17, Plaintiffs request that Defendant produce information regarding the duty to defend and in Production Request No. 18 they make a similar request for "any other documents which you might use in support of a claim or defense, or which are relevant

to a claim or defense of any party." (Doc. 56, p. 11).   Documents supporting a party's affirmative defenses are, of course, within the scope of discovery.   Fed. R. Civ. P. 26(b)(1).   Defendant objects that these requests improperly seek its legal opinion.   Yet, "[w]hile counsel's thought-process is protected by either attorney client, or work product privilege, general facts to support an affirmative defense do not invade counsel's thought-process." *Heffron v. Citrus HMA, LLC*, No. 5:13-CV-453-OC-22PRL, 2014 WL 1378815, at *3 (M.D. Fla. Apr. 8, 2014).   Importantly, though, Defendant objects that these requests are moot as the responsive documents were produced in connection with its Rule 26 disclosures.   (Doc. 58, p. 14).   Accordingly, Defendant's objections are overruled to the extent state above and Production Requests Nos. 17 and 18 are **GRANTED** to the extent that Defendant has not already produced the responsive documents.

Finally, in Production Request No. 21, Plaintiffs request that Defendant produce "any and all documents relied upon or referred to in Landmark's responses to [Plaintiffs'] First Set of Interrogatories." (Doc. 56, p. 12).   Defendant states that it has already produced the responsive documents.   (Doc. 58, p. 16).   To the extent that Defendant has not produced the responsive documents, the objection is overruled and Production Request No. 21 is **GRANTED**.

### B.  Interrogatories

Unless otherwise provided by stipulation or court order, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).   "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)" and "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).   Any objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4).

In interrogatory No. 4, Plaintiffs request that Defendant state: "*What* information do you

have for each of your denials, affirmative defenses, counterclaims, and cross claims?"   (Doc. 56, p. 13).   This District's Discovery Handbook (which offers guidance, but is not controlling) provides that contention interrogatories, like this one, "should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions."   MIDDLE DISTRICT DISCOVERY (2015) at 17.   Further, "[i]nterrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive."   *Id.*   Accordingly, Defendant's objection that this interrogatory—as written—seeks a detailed narrative of Defendant's entire case and does not target defenses subject to an early dismissal or narrow the scope of unclear defenses is sustained.   *See, e.g., Oliver v. City of Orlando*, No. 606CV-1671-ORL-31DAB, 2007 WL 3232227, at *3–4 (M.D. Fla. Oct. 31, 2007) (denying a motion to compel answers to contention interrogatories where the movant had made no showing as to how the requested responses would either target issues subject to early dismissal or identify and narrow unclear claims or defenses); *Freedman v. Lincoln Nat. Life Ins. Co.*, No. 3:05CV81-J-12HTS, 2005 WL 2850307, at *2 (M.D. Fla. Oct. 31, 2005) (denying a motion to compel responses to broad contention interrogatories, except for two which dealt with specific defenses).   Thus the motion to compel a response to Interrogatory No. 4 is **DENIED**.

In Interrogatories Nos. 7 and 14, Plaintiffs request that Defendant state the steps taken to "fully investigate the claim(s) submitted to Landmark by MPC for defense and/or indemnification" and the steps Defendant took "to investigate the facts pertinent to its coverage decisions with regard to the Koster and Hulslander lawsuits."   (Doc. 56, pp. 14–15).   Defendant's objection that these interrogatories seek irrelevant information is sustained.   The disclosures in Plaintiffs'

possession (Doc. 65, Exs. 2–4) reveal Defendant's position on why the Policy doesn't apply. Whether it should or not is to ask whether failing to provide coverage was in breach.   What steps Defendant took to arrive at the "why" appears to be irrelevant.   That is, how Defendant went about researching or otherwise investigating "facts" pertinent to the coverage issue and who spoke to who about it all seems to go to how the claim was handled—that is to say whether there was any bad faith.   But bad faith is not the issue.   The issue is whether the contract applies or not, and Defendant has produced documents revealing why it says it doesn't.   (*See* Doc. 65, Exs. 2–4). Therefore, Defendant's objection is sustained and the motion to compel responses to Interrogatories Nos. 7 and 14 is **DENIED**.

In Interrogatories Nos. 10 and 13, Plaintiffs request that Defendant state why it denied "MPC a defense and indemnification" and "what legal authorities did Landmark rely" in the Koster and Hulslander lawsuits.   (Doc. 56, pp. 14–15).   Defendant objects that these interrogatories seek irrelevant information.   Yet, why Defendant denied coverage is clearly relevant to Plaintiffs' breach of contract claim.   Defendant also objects that, under Rule 33(d), these interrogatories are moot as "the legal bases demonstrating the lack of coverage are set forth in the correspondence produced in connection with Landmark's initial Rule 26 disclosures."[1]   (Doc. 58, pp. 20–21). Accordingly, Defendant's objections are overruled and the motion to compel responses to Interrogatories Nos. 10 and 13 is **GRANTED** to the extent Defendant has not otherwise answered or produced responsive business records.

---

[1] Under Rule 33(d), "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of obtaining the answer will be substantially the same for either party," the responding party may answer by specifying certain records and giving the interrogating party a reasonable opportunity to examine and copy them.   Fed. R. Civ. P. 33(d).

IV.   **CONCLUSION**

Accordingly, it is now **ORDERED:**

(1) Plaintiffs' renewed Motion to Compel (Doc. 56) is **DENIED IN PART** and

**GRANTED IN PART** as set forth herein**.**

(2) Under Fed. R. Civ. P. 37(a)(5)(C), each party shall bear its own attorney's fees and

costs.

**DONE** and **ORDERED** in Ocala, Florida on May 20, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties